UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:19-178-S-DCR

UNITED STATES OF AMERICA                                                                      PLAINTIFF

V.  **MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION
*IN LIMINE* TO PRECLUDE MISTAKE-OF-AGE AND CONSENT
DEFENSES AT TRIAL**

WILLIAM MICHAEL FIELDS, JR.                                                            DEFENDANT

\* \* \* \* \*

The United States moves *in limine* to preclude Defendant from presenting any evidence, asking any question, or making any argument at trial relating to the defenses of mistake-of-age or consent. Because neither mistake-of-age nor consent is a defense to production of child pornography under 18 U.S.C. § 2251(a), any evidence relating to these defenses would be irrelevant and therefore inadmissible pursuant to Fed. R. Evid. 401 and 402. Such evidence would also be more prejudicial than probative pursuant to Fed. R. Evid. 403.

I.  **FACTUAL SUMMARY**

The indictment [R. 1] charges Defendant with two counts of using a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of that conduct (commonly referred to as "production of child pornography") in violation of 18 U.S.C. § 2251(a). The evidence at trial will establish that Defendant, a former Harrison County Constable and Bourbon County volunteer fireman, met the minor victim ("E.Y.") and subsequently spent time with her in Police Explorers, an instruction program run by the Cynthiana Police Department ("CPD") for boys and girls who have an interest in law enforcement. Defendant began a sexual relationship with E.Y. in

1

approximately February 2019, at which time she was seventeen years and four months old. In April 2019, while investigating allegations that Defendant provided alcohol to minors, CPD learned about Defendant's relationship with E.Y. Following an interview with E.Y., CPD examined E.Y.'s phone and discovered multiple visual depictions of E.Y. engaging in sexually explicit conduct with Defendant on two different occasions.

## II.     ARGUMENT

### A.     Mistake-of-Age

This Court should enter an order preventing the Defendant from asserting at trial that he did not know the age of the victim or that he reasonably believed she was eighteen years old or older. The overwhelming majority of courts that have addressed the issue, including this Court and the Sixth Circuit, have held that a defendant's mistake regarding a victim's age is not a defense to a violation of 18 U.S.C. § 2251(a)(l). *United States v. Humphrey*, 608 F.3d 955, 962 (6th Cir. 2010); *United States v. Humphrey*, No. 08-3-JMH, 2008 U.S. Dist. LEXIS 21116 (E.D. Ky. Mar. 18, 2008); *United States v. Encarnación-Ruiz*, 787 F.3d 581, 609 (1st Cir. 2015); *United States v. Malloy*, 568 F.3d 166, 176-77 (4th Cir. 2009); *United States v. Crow*, 164 F.3d 229, 236 (5th Cir. 1999); *United States v. Fletcher*, 634 F.3d 395, 401 -05 (7th Cir. 2011); *United States v. Pliego*, 578 F.3d 938, 943-44 (8th Cir. 2009); *United States v. Deverso*, 518 F.3d 1250, 1257- 58 (11th Cir. 2008); *United States v. Seibert*, No. 5:17-cr-00572, 2018 U.S. Dist. LEXIS 143340 (E.D. Pa. Aug. 23, 2018). These courts recognize that proof the defendant knew the victim was under the age of 18 is not an element of a violation of 18 U.S.C. § 2251(a) and, therefore, mistake-of-age cannot be an affirmative defense. *Humphry*, 608 F.3d at 962 ("'[S]tatutory text, legislative history, and judicial interpretation compel the conclusion that knowledge of the victim's age is neither an element of the offense nor textually available as an affirmative defense.' Moreover . . . First

Amendment concerns, . . . do not oblige us to engraft a reasonable mistake-of-age defense onto § 2251(a)." (internal citations omitted).

In *United States v. XCitement Video, Inc.,* 513 U.S. 64, 76, 76 n.5 (1994), the Supreme Court examined the legislative history of § 2251 and noted that the statute contains no scienter requirement as to the age of the victim. *Id*. at 76. As the Court explained, a requirement that the defendant act "knowingly" was present in early versions of the bill, but that requirement was ultimately deleted by the Senate Conference Committee. *Id.* ("Most importantly, the new bill . . . delet[ed] the word 'knowingly' from § 2251(a)"). The Court stated that the Committee specifically explained the deletion in § 2251 (a) as reflecting an "intent that it is not a necessary element of a prosecution that the defendant knew the actual age of the child." *Id.* (quoting S. Conf. Rep. No. 95-601, p. 2, 5 (1977)). The Supreme Court also drew an analogy between § 2251(a) and traditional statutory rape offenses, stating that the presumption of a *mens rea* requirement in criminal law "expressly excepted 'sex offenses, such as [statutory] rape, in which the victim's actual age was determinative despite defendant's reasonable belief that the girl had reached the age of consent.'" *Id.* at 72, n.2 (citation omitted). The Court reasoned that under § 2251(a), "the perpetrator confronts the underage victim personally and may reasonably be required to ascertain that victim's age." *Id.* (noting that the "opportunity for reasonable mistake of age" is extremely low in cases where the defendant comes into direct contact with the victim, and she is available for questioning). While other statutes prohibiting transportation, shipping, receipt, distribution, or reproduction of child pornography require knowledge that the victims are children, the absence of a knowledge requirement for production of child pornography "reflects the reality that producers are more conveniently able to ascertain the age of performers." *Id*. at 77, n.5 (noting that it is reasonable to impose the risk of error on producers).

3

Only the Ninth Circuit has recognized a mistake-of-age defense to 18 U.S.C. § 225l (a). *See United States v. United States District Court (Kantor)*, 858 F.2d 534, 538 (9th Cir. 1988) (First Amendment requires defendant have the opportunity to present a mistake of age defense). However, none of the Courts of Appeals that have considered *Kantor* has followed this rule. *See e.g., United States v. Gersh,* No. 14-595, 2015 U.S. Dist. LEXIS 59333 at 4 (E.D. Pa. May 5, 2015*)* ("[e]very Circuit to address Kantor has rejected it"). Moreover, since the Supreme Court held in *X-Citement Video* that the defendant's knowledge of the victim's age is not an element of 18 U.S.C. § 2251(a), none of the Court of Appeals has recognized a mistake-of-age defense:

> In the wake of the *X- Citement Video* decision, all of the federal courts of appeals that have considered the issue of scienter under § 2251 (a) have held that a defendant's knowledge of the minor's age is not an element of the offense. Significantly, however, these courts have consistently rejected the notion espoused in *United States District Court* [*Kantor*] of a constitutionally mandated mistake-of-age defense. Thus, the Ninth Circuit stands alone in its determination that the First Amendment requires a reasonable mistake-of-age defense under§ 2251(a).

*Humphrey*, 608 F.3d at 960-61.

In sum, evidence of the defendant's mistaken belief regarding the age of the minor victim is irrelevant, and therefore not admissible at trial. *See* Fed. R. Evid. 402. Admission of such irrelevant evidence would undoubtedly invite jury nullification and lead to confusion of the issues, misleading the jury, undue delay, and waste of time. *See* Fed. R. Evid. 403. Accordingly, the Court should preclude Defendant from introducing evidence at trial in support of a mistake-of-age defense to the child exploitation and child pornography charges in the indictment.

### B.     Consent

The Defendant should be barred from introducing any evidence, asking any question, or making any argument at trial regarding the victim's consent to engage in sexual conduct with Defendant or to produce sexually explicit images of herself.

"Child pornography" includes 'any visual depiction" produced using 'a minor engaging in sexually explicit conduct,' regardless of…the minor's consent." *United States v. Sibley*, 681 F. App'x 457, 461 (6th Cir. 2017). Consent is not a required element for the crime of production of child pornography and, in fact, the text of § 2251 shows that Congress did not intend for consent to be an element of the offense. *See United States v. Griffith,* 99 Cr. 786 (HB), 2000 U.S. Dist. LEXIS 12655, at *54 (S.D.N.Y. Aug. 31, 2000) ("[s]ection 2251(a), by its plain terms eliminates consent as a defense"). Indeed, the statute targets "any person who employs, uses, persuades, induces, entices, or coerces any minor . . ." and "of these six verbs, only 'coerces' involves non-consent." *See Id.* The remaining verbs all involve "varying degrees of consent." *Id.*

Accordingly, courts of appeals have consistently excluded evidence regarding a minor victim's intent or consent in connection with sexual exploitation, both under § 2251(a) and other statutes targeting the sexual exploitation of minors, finding that a minor's intent or consent is neither an element of, nor a defense to, these offenses and is therefore not properly before the jury. *See United States v. Sibley*, 681 Fed. Appx. at 461 (minor victim's consent irrelevant to whether defendant violated § 2251(a)); *United States v. Street*, 531 F.3d 703, 708 (8th Cir. 2008)(consent of the minor in the production of child pornography in violation of 18 U.S.C. § 2251 was not a defense and evidence of consent was properly excluded); *United States v. Williams*, 529 F.3d 1, 6 (1st Cir. 2008) (even if a minor had consented to transportation for prostitution, consent would not have been legally valid); *United States v. Benais*, 460 F.3d 1059, 1063 (8th Cir. 2006) (finding that under 18 U.S.C. § 2243, consent is not a defense to the federal statutory rape provision); *United States v. Abad*, 350 F.3d 793, 798 (8th Cir. 2003)("when sexual assaults are committed upon children . . . , consent is not a defense."); *United States v. Lowe*, 145 F.3d 45, 52 (1st Cir. 1998) (finding that consent is not a defense to a charge under the Mann Act); *United States v.*

*Jones*, 808 F.2d 561, 565 (7th Cir. 1986) (same); *United States v. Pelton*, 578 F.2d 701, 712(8th Cir. 1978) (holding that consent is not a defense to transportation of a minor for purposes of prostitution in violation of 18 U.S.C. § 2421 nor enticement of a minor to travel for purposes of sexual activity, in violation of 18 U.S.C. § 2422); see also *United States v. Raplinger*, No. 05-CR-49-LRR, 2006 WL 3455266 (N.D. Iowa Nov. 29, 2006) ("By definition, the victim in a sexual exploitation of a minor case is a minor. A minor cannot consent to being sexually exploited."); *United States v. Griffith*, No. 99CR786 (HB), 2000 WL 1253265 (S.D.N.Y September 5, 2000) (consent is not relevant to the offense and is not a defense to production of child pornography).

Because consent is not an element of the offense of production of child pornography and is not a legally cognizable defense, evidence of consent will not have "any tendency to make the existence of any fact that is of consequence . . . more probable or less probable . . ." Fed. R. Evid. 401. Because this evidence is irrelevant, it is not admissible. *See* Fed. R. Evid. 402. Even if regarded as relevant, however, such evidence should be excluded under Federal Rule of Evidence 403 because it would only serve to confuse the jury, divert it from the real issues in the case, and invite jury nullification.

WHEREFORE, the United States respectfully requests that this Court grant the United States' motion *in limine* to bar admission of evidence relating to the issues of mistake-of-age or consent.

    Respectfully submitted,

    ROBERT M. DUNCAN, JR.
    UNITED STATES ATTORNEY

By: /s/ Mary Lauren Melton
Erin M. Roth
Mary Lauren Melton
Assistant United States Attorneys
260 W. Vine Street, Suite 300
Lexington, Kentucky 40507-1612
(859) 685-4872
FAX (859) 233-2747
Erin.Roth@usdoj.gov
Mary.Melton@usdoj.gov

### CERTIFICATE OF SERVICE

On April 13, 2020, I filed the foregoing via the ECF system, which will cause the pleading to be served by e-mail on all attorneys of record.

By: /s/ Mary Lauren Melton
Erin M. Roth
Mary Lauren Melton
Assistant United States Attorneys