UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION-LEXINGTON
**CRIMINAL ACTION NO. 5:19-CR-178-DCR**
*ELECTRONICALLY FILED*

UNITED STATES OF AMERICA                                    PLAINTIFF

v.

WILLIAM MICHAEL FIELDS, JR.                                 DEFENDANT

---

RESPONSE TO THE UNITED STATES' MOTION IN LIMINE

---

Comes the Defendant, by and through counsel, and for his response to the United States' Motion in Limine (DE #28) states as follows.

This case involves allegations in the indictment that the Defendant videotaped sexual encounters with a minor thus violating 18 U.S.C. §2251(a). The videos were discovered on the minor's phone as part of an investigation involving the minor, the Defendant and others.

The United States (hereinafter the "US") is now asking the Court to prohibit the Defendant from presenting any evidence, asking any question or making any argument at trial relating to the defenses of mistake of age or consent. The gravamen of the US' argument is that the evidence is inadmissible under a Fed. R. Evid. 401, 402 or 403 analysis. While the Defendant agrees in part to the US's interpretation of authority cited in its motion, for other reasons stated herein, the Defendant objects to such a wholesale and broad sweeping exclusion at trial.

I.    DISCUSSION

18 U.S.C. §2251 prohibits the use of a "minor"[1] for the purpose of producing visual

---

[1] "Minor" is defined in 18 U.S.C. §2256(1) as "any person under the age of eighteen years".

depictions of sexually explicit conduct. In a case arising out of this district, the Sixth Circuit Court of Appeals, first addressed the exclusion of evidence of a victim's age for use as either a "mistake of age" or "consent" defense. *United States v. Humphrey*, 608 F. 3d 955, 957 (6th Cir. 2010). In *Humphrey*, the Court ultimately held that because there is no "scienter" requirement[2]. *Id*. at 962. In so holding, the Court reasoned that "…the statutory text, legislative history, and judicial interpretation compel the conclusion that knowledge of the victim's age is neither an element of the offense nor textually available as an affirmative defense. *Id*. (citing *United States v. Malloy*, 568 F. 3d. 166, 171, 176 (4th Cir. 2009), *cert. denied*, ___ U.S. ___, 130 S.Ct. 1736, 176 L.Ed.2d 212 (2010)).

As stated above, the Defendant does not dispute the holding of *Humphrey* and its progeny, however, the Defendant does maintain that the *Humphrey* Court and those that have ruled consistently with it, have created a strict liability criminal statute and have turned a blind eye to what is clearly an element of the offense, that being the requirement that the object of the production of the sexually explicit conduct be a "minor". Accordingly, the Defendant asserts that there is a good faith basis for this Court to depart from existing precedent and allow the Defendant to introduce evidence to support a "mistake of age" defense.

As this Court is well aware, the Confrontation Clause of the United States Constitution guarantees that in all criminal prosecutions, the Defendant enjoys the right to be confronted with the witnesses called against him.  "The main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination."  *Davis v. Alaska*, 415 U.S. 308, 315-316, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). Cross-examination allows a defendant to test the believability of a witness and the truth of the witness' testimony in several ways. *Davis*, 415 U.S.

---

[2] Scienter is the functional equivalent of *mens rea.*

at 316. These include "revealing possible biases, prejudices, or ulterior motives of the witness as they may relate directly to issues or personalities in the case at hand." *Id*. The prototypical forms of bias include the "witness's own inconsistent statements"…. from which jurors could appropriately draw inferences relating to the reliability of the witness." *Blackston v. Rapelje*, 780 F.3d 340, 349 (6th Cir. 2015). A violation occurs when a Defendant is prohibited from engaging in cross-examination " designed to show a prototypical form of bias on the part of the witness, and thereby to expose to the jury the facts from which jurors could appropriately draw inferences relating to the reliability of the witness." *Delaware v. Van Arsdall*, 475 U.S. 673, 680, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986).

In the instant case, the investigating detective, Detective Jett, took statements from multiple witnesses. These statements were in written as well as audible form. Contained within these various statements are inconsistent statements given by the victim and others that include statements wherein among other things, the victim admits to lying to other people about her age. "A witness's own inconsistent statements…undoubtedly provide valuable aid to the jury in assessing [witnesses'] credibility." *Blackston*, 780 F.3d at 349 *citing Harris v. New York*, 401 U.S. 222, 225, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971).

II.   <u>CONCLUSION</u>

As set forth, supra, the Defendant agrees in part with the United States' interpretation of *Humphrey* and its progeny. However, the Defendant sets forth herein a good faith basis upon which this Court can choose to interpret the statute at issue here as containing an element that does in fact have to be proven beyond a reasonable doubt by the United States. Moreover, the Defendant's right to cross-exam witnesses called against him at trial demands that he be allowed to explore any witness's prior inconsistent statement and admitted untruths that have been told by the witness to

allow the jury to assess each witness's credibility. Entering an order as requested by the United States requires the Court to use too broad a brush. To issue a ruling as to the relevance, prejudice and/or probative value *in limine* would be to violate the Defendant's right to confront and cross-exam those witnesses called to testify against him in an untimely fashion and therefore the United States' motion should be denied.

Respectfully Submitted,

/s/Christopher A. Spedding
Christopher A. Spedding
271 W Short St., Suite 402
Lexington, KY 40507
859-255-0050
Fax: 859-554-2528
Email: chris@speddinglawoffice.com

### Certificate of Service:

This is to certify that on April 30, 2020, I electronically filed the foregoing motion with the clerk of the Court by using the CM/ECF system, which will send notice to counsel of record as appropriate.

/s/Christopher A. Spedding
Christopher A. Spedding