UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CASE NUMBER: 5:19-CR-178-DCR                    *ELECTRONICALLY FILED*

UNITED STATES OF AMERICA                                          PLAINTIFF

VS.

WILLIAM MICHAEL FIELDS                                            DEFENDANT

**RENEWED MOTION FOR DETENTION HEARING
OR IN THE ALTERNATIVE
MOTION FOR RELEASE OF CUSTODY**

Comes the Defendant by counsel and renews his motion for a detention hearing pursuant to 18 U.S.C. 3142(f)(2)(B) or in the alternative, moves the Court for an order releasing him from custody to enable him access to his counsel to prepare for trial. In support of this motion, the Defendant states as follows.

1. The statement of facts and arguments contained in the Defendant's Motion for a Detention Hearing (DE#25) filed on April 6, 2020 are hereby incorporated by reference as if fully set forth herein;

2. Following the issuance of the Court's order denying the Defendant's previous Motion for a Detention Hearing (DE#26), counsel for the Defendant received correspondence from the Defendant wherein the Defendant pointed out that in its order of detention (DE#14), the Court relied on testimony from Detective Justin Jett that the Defendant met the victim through his involvement in the Police Explorer's program. (DE#15 pg. 6). The Court used this testimony to find that "rather than being a pillar of the community, Fields abused his position to have sex with a minor.". *Id*. As a result, the

Court found that this led to 18 U.S.C. §3142(g)(1) weighing heavily in favor of detention. *Id*. Subsequent to the detention hearing, and after receiving the discovery in this case, the Defendant pointed out to counsel that the victim told Detective Jett that she met the Defendant through another individual and not through the Police Explorer's program. (Please see attached Exhibit A). Accordingly, the Court did not have accurate facts in front of it when conducting its analysis to arrive at the conclusion that the Defendant should be detained. This is material to the Court's decision and was unknown to the Defendant and counsel at the time of the hearing and further, "has a material bearing on the issue of whether there are conditions of release that will reasonably assure the safety of any other person and the community." 18 U.S.C. §3142(f)(2)(B).

    3.    As this Court is well aware, and as was set out in the Defendant's previous motion, the country is currently struggling with a pandemic of epic proportions. The Fayette County Detention Center is currently prohibiting any in-person visits or any meaningful methods of communication. Counsel and the Defendant are limited to communicate through the Securus videoconference system for 20 minute intervals. There is no mechanism, nor is it possible, for the Defendant and counsel to review discovery, conduct any meaningful discussion regarding trial strategy or in any other way prepare for trial in this case. It is simply not possible as it now stands.

    4.    Counsel has spoken to the US Marshal's office and was advised that none of the facilities that are currently housing federal inmates permit in person meetings with clients. More problematic is that even if there was a facility that would permit it, if an inmate is moved, they are required to be quarantined for a period of fourteen (14) days

prior to having any contact with another person. Simply put, the undersigned's hands are tied and preparation for trial is impossible under the current circumstances.

5. In the alternative, there are certainly conditions that can be imposed upon the Defendant upon his release from custody. GPS monitoring, home incarceration, prohibiting contact with minors, prohibiting the use of electronic communication or social media are all conditions that would effectively satisfy any concerns the Court may have for the safety of any other person or the community and at the same time, allow the Defendant and counsel to adequately prepare for trial.

These are strange times indeed. While the need for efficient administration of justice remains paramount, it simply cannot trump the Defendant's right to adequately prepare for trial. Under normal circumstances, while inconvenient, a Defendant and his/her counsel can adequately prepare when the Defendant is in custody. However, under the unusual circumstances in which we find ourselves, it is simply not possible. For these reasons, the Defendant requests this court to set this matter down for a hearing to determine what conditions could be imposed to assure the safety of the citizens and the community while at the same time, allowing the Defendant to properly prepare for trial.

Respectfully submitted,

  /s/ Christopher A. Spedding
CHRISTOPHER A. SPEDDING
271 W. Short Street, Ste. 402
Lexington, KY  40507
859-255-0050
859-554-2528-Facsimile
chris@speddinglawoffice.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 1st day of May, 2020, I electronically filed the Motion herein with the Clerk of the Court by using the CM/ECF System which will send a notice of electronic filing to all counsel of record.

/s/ Christopher A. Spedding
Christopher A. Spedding
