UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 19-178-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| WILLIAM MICHAEL FIELDS, JR., | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant William Fields, Jr., is charged with two counts of producing visual depictions involving a minor engaged in sexually explicit conduct in violation of 18 U.S.C. § 2251(a). A jury trial is scheduled to begin on May 18, 2020. The United States has filed a motion in limine to preclude Fields from presenting evidence, asking questions, or making arguments at trial relating to the defenses of mistake-of-age or consent. [Record No. 28] Because mistake-of-age and consent are not legal defenses to production of child pornography, the United States' motion will be granted.

Title 18 of the United States Code, section 2251(a), prohibits the use of a minor for the purpose of producing visual depictions of sexually explicit conduct. In *United States v. Humphrey*, 608 F.3d 955, 962 (6th Cir. 2010), the Sixth Circuit made clear that the defendant's knowledge of the victim's age is neither an element of the offense nor an affirmative defense to a charge of producing child pornography.

Defendant Fields acknowledges the holding in *Humphrey*, but asks the Court to depart from it and allow him to present evidence supporting a mistake-of-age defense. He reasons

that the ruling in *Humphrey* creates a strict liability statute and "turns a blind eye to what is clearly an element of the offense, that being the requirement that the object of the production of the sexually explicit conduct be a 'minor.'"  [Record No. 31, p. 2]  But *Humphrey* and the various cases in agreement with it do nothing of the sort.  *See, e.g.*, *United States v. Fletcher*, 634 F.3d 395 (7th Cir. 2011); *United States v. Pliego*, 578 F.3d 938 (8th Cir. 2009); *United States v. Malloy*, 568 F.3d 166 (4th Cir. 2009); *United States v. Deverso*, 518 F.3d 1250 (11th Cir. 2008); *United States v. Griffith*, 284 F.3d 338 (2d Cir. 2002); *United States v. Crow*, 164 F.3d 229 (5th Cir. 1999).

Victims are required to be minors.  Consistent with the plain language of the statute, the above cases simply place the burden on producers of visual depictions of sexually explicit conduct to ascertain the ages of performers.  *See Humphrey*, 608 F.3d at 959-60 (explaining the distinction between § 2251(a) and § 2252, which includes a scienter requirement). Regardless, this Court is bound by the law of the Sixth Circuit and will not depart from the ruling in *Humphrey*.

While it does not appear that the Sixth Circuit has addressed the issue explicitly in a published opinion, it is clear that a minor's consent is not a defense to a charge of producing child pornography under § 2251(a).  *See, e.g., United States v. Sibley*, 681 F. App'x 457, 461 (6th Cir. 2017); *United States v. Street*, 531 F.3d 703, 708 (8th Cir. 2008); *United States v. Griffith*, No. 99CR786(HB), 2000 WL 1253265, at *18 (S.D.N.Y. Sept. 5, 2000) ("Section 2251(a), by its plain terms eliminates consent as a defense."). Accordingly, evidence concerning the minor victim's consent would be irrelevant and, therefore, inadmissible.  *See* Fed. R. Evid. 401, 402.

Fields also contends that discovery materials show that the victim gave inconsistent statements and that she admitted to "lying to other people about her age." [Record No. 31] Counsel asserts that he should be permitted to impeach her credibility during trial by cross-examining her regarding these alleged inconsistencies. Federal Rule of Evidence 608 provides that specific instances of conduct may be inquired into on cross-examination if they are probative of the witness's character for truthfulness. However, this type of evidence is still subject to the requirements of Rule 403 of the Federal Rules of Evidence. Here, the probative value of the proposed cross-examination is substantially outweighed by a danger of unfair prejudice because it likely will confuse the issues and mislead the jury.

Finally, the Court notes that it is unclear why Fields seeks to "challenge the victim's credibility," if not to present a mistake-of-age defense. Presenting evidence that the victim lied about her age may cause the jury to believe that the defendant cannot or should not be convicted of this crime if he thought that she had reached the age of majority. Thus, Fields will not be allowed to make statements or ask questions intended to show that the victim lied about her age. *See United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (explaining that a ruling in limine is a "preliminary, or advisory, opinion"). Accordingly, it is hereby

**ORDERED** that the United States' motion in limine [Record No. 28] is **GRANTED**.

Dated: May 4, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky