**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**CRIMINAL ACTION NO. 5:19-178-S-DCR**

**UNITED STATES OF AMERICA**                                          **PLAINTIFF**

**V.**                              **UNITED STATES' PROPOSED VOIR DIRE**

**WILLIAM MICHAEL FIELDS, JR.**                                      **DEFENDANT**

\*   \*   \*   \*   \*   \*

The United States hereby submits its proposed *Voir Dire* questions:

1.   The United States requests the Court to ask the standard questions regarding Presumption of Innocence, Burden of Proof – that being Beyond a Reasonable Doubt, and whether any of the prospective jurors know anything about the case, the parties, or the witnesses. Depending upon the responses of the prospective jurors, the United States requests the Court to ask all logical follow-up questions.

2.   After reading the Statement of the Case to the prospective jurors, the United States requests the Court to inquire whether any of them believe they would be unable to render a fair and impartial verdict in a case involving such a sensitive subject matter and involving the viewing of sensitive images and/or videos.   Depending upon the responses of the prospective jurors, the United States requests the Court to ask all logical follow-up questions.

3.   The United States requests the Court to ask whether any prospective jurors belong to any organizations or otherwise hold beliefs relating to freedom to engage in sexual intercourse or sexual acts with minor children, whether they believe that engaging in sexual activity with children under the age of 18 should NOT be illegal, and whether they frequent nudist colonies or nudist

camps.  Depending upon the responses of the prospective jurors, the United States requests the Court to ask all logical follow-up questions.

4.   The United States requests the Court to ask whether any prospective jurors' family members have ever been charged with a crime, and if so, what type of crime, how the charges were resolved, and whether the jurors think their family member was treated fairly.  Depending upon the responses of the prospective jurors, the United States requests the Court to ask all logical follow-up questions.

5.   The United States requests the Court to ask whether any prospective jurors have had an encounter with any law enforcement officers that has left them with a negative opinion of law enforcement officers.  Depending upon the responses of the prospective jurors, the United States requests the Court to ask all logical follow-up questions.

6.   The United States requests the Court to ask whether any prospective jurors have ever been involved in a lawsuit involving the federal government, and if so, what kind of lawsuit and how it was resolved, what entity of the government their lawsuit involved, and whether the individual believes that they could still be fair and impartial in the trial of this case based on that experience.  Depending upon the responses of the prospective jurors, the United States requests the Court to ask all logical follow-up questions.

7.   The evidence in this case will show that the Defendant was a constable and volunteer firefighter at the time of his arrest.  Would knowledge of the Defendant's public service preclude any prospective jurors from deciding the case based on the evidence at trial?  Does a defendant deserve any preferential treatment in the court system solely due to his public service?

8.   The United States requests the Court to ask whether any prospective jurors have any health problems or personal issues that would prevent them from serving as a juror for the next three days, both listening to and watching the evidence presented in Court.  Depending upon the responses of the prospective jurors, the United States requests the Court to ask all logical follow-up questions.

9.   The United States requests the Court to ask whether any prospective jurors do NOT use a computer (desktop or laptop) at home or work, whether any prospective jurors have any expertise or more than basic training in computers, information technology,  computer programming, repair, or forensic examinations, and, if so, whether they would be able to listen to the testimony of the witnesses who testify about computer evidence and judge that testimony the same as they would of any other witness and follow the instructions of the Court on determining credibility of witnesses.

10.   The United States requests the Court to ask whether any prospective jurors, their relatives or close friends have had an experience with a person who has engaged in or was accused of a child sex exploitation offense.  Depending upon the responses of the prospective jurors, the United States requests the Court to ask all logical follow up-questions.

11.   The United States requests the Court to ask whether any prospective jurors would have difficulty following the Court's instructions that consent is NOT a defense to a charge of sexual exploitation of a minor.  Depending upon the responses of the prospective jurors, the United States requests the Court to ask all logical follow-up questions.

12.   The United States requests the Court to ask whether any prospective jurors have any reason, whether it is religious, personal, philosophical, or any reason whatsoever, which makes

3

them unable to sit in judgment of another person.  Depending upon the responses of the prospective

jurors, the United States requests the Court to ask all logical follow up-questions.

The United States respectfully reserves the right to supplement this list.

Respectfully submitted,

ROBERT M. DUNCAN
UNITED STATES ATTORNEY


By:      /s/ Mary Lauren Melton
Erin M. Roth
Mary Lauren Melton
Assistant United States Attorneys
260 W. Vine Street, Suite 300
Lexington, Kentucky 40507-1612
(859) 685-4872
FAX (859) 233-2747
Erin.Roth@usdoj.gov
Mary.Melton@usdoj.gov
*Counsel for the United States*


## CERTIFICATE OF SERVICE


I hereby certify that on May 22, 2020, I electronically filed the foregoing with the clerk
of the court by using the CM/ECF filing system, which will send an electronic notice to counsel
of record

/s/ Mary Lauren Melton
Mary Lauren Melton
Assistant United States Attorney

4