UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION-LEXINGTON
**CRIMINAL ACTION NO. 5:19-CR-178-DCR-MAS**
*ELECTRONICALLY FILED*

UNITED STATES OF AMERICA                                              PLAINTIFF

v.

WILLIAM MICHAEL FIELDS, JR.                                          DEFENDANT

**SENTENCING MEMORANDUM**

Comes the Defendant, William Michael Fields, Jr., by and through counsel, and submits the following Sentencing Memorandum for the Court to consider in determining the appropriate sentence in this case. Pursuant to 18 U.S.C. § 3553 (a), the Court shall impose a sentence sufficient but not greater than necessary to comply with the purpose of the statute.

**INTRODUCTION**

The Defendant comes before the Court for sentencing after a guilty verdict to two (2) counts of using a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of that conduct, commonly referred to as "production of child pornography," in violation of 18 U.S.C. § 2251(a). The charges arose after it was learned through members of the Cynthiana Police Explorers program the Defendant was involved in a sexual relationship with a minor. The 17-year-old female was questioned and admitted to the relationship with Defendant beginning approximately February, 2019. Later images were found on the teenager and the Defendant's phone depicting sexually explicit content.

## NATURE AND CIRCUMSTANCE OF THE OFFENSE
## AND HISTORY AND CHARACTERISTICS OF THE DEFENDANT

Defendant Fields was born and raised in Kentucky by his mother and father. His mother was a homemaker and his father supported the family through employment with Delta Natural Gas. Fields was raised in the home with his brother and has a paternal sister that was raised by her mother. He reports a good home free from abuse or neglect.

Defendant later married and had three (3) children, all of whom are minors as of the filing of this memorandum. The letters submitted on his behalf indicate he is a doting father and raised his children in a home free from neglect, abuse or alcohol/narcotic dependency. (Please see attached letters). Defendant has maintained a relationship with his children while incarcerated. He plans to continue to honor his responsibilities as a father upon his release.

Mr. Fields is a person who in the past led a law-abiding, constructive life. He has been described by many as an upstanding and helpful member of society and the behavior for which he was found guilty is completely out of character. He began volunteering as a junior firefighter at the age of 16. He obtained a high school diploma from Lynn Camp High School in 2001. He subsequently obtained his certification as a firefighter and EMT, eventually becoming an instructor in both fields. He has maintained steady employment throughout his adult life and intends to do the same upon his release.

Defendant Fields' criminal history speaks for itself and, is nearly nonexistent save the pending matter and state charges for same. It has resulted in a score of zero which puts him in a Criminal History Category of I.

## SENTENCING OPTIONS

As calculated by the U.S. Probation Office, the Defendant's guideline range is life imprisonment. However, as pointed out, pursuant to USSG §5G1.2(b), the total guideline sentence is 720 months.

As pointed out in the Defendant's objections, Defendant objects to many of the categorizations in the PSR, many of which hold at least a 2 point increase to his base level. Specifically, paragraph 21 is incorrect as there is no evidence that the Defendant either misrepresented his identity nor used a computer or interactive computer service to "persuade, induce, entice, coerce or facilitate the travel of , a minor to engage in sexually explicit conduct for the purpose of producing sexually explicit material or for the purpose of transmitting such material live or otherwise to solicit participation by a minor in such conduct for such purposes." Therefore, the 2 point increase should not be calculated.

Additionally, Defendant strongly objects to the 2 point increase under "adjustment for role in the offense. USSG § 3B1.3 notes this increase can only be used if and when "the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense" and ""Public or private trust" refers to a position of public or private trust characterized by professional or managerial discretion." This assessment of the Defendant is unwarranted as Defendant did not hold a supervisory role within the fire department nor did his position as a constable play any role in the charge crime.

Furthermore, Defendant objects to the failure of the PSR to include recommendations for downward departures under §§5H1.5, 5H1.6, 5H1.11. and under §§5K2.10, 5K2.20. As noted, above, Defendant has no prior criminal history. As such, his representation as a repeat and dangerous sex offender is strongly misguided. These factors should be considered in sentencing

and in determining if a downward departure is warranted. As stated in <u>United States v. Coleman</u>, 188 F.3d 354 (6th Cir. 1999), "there are a potentially infinite number of factors which may warrant a departure and a court may not categorically exclude the consideration of any one factor." Further "all other factors which a defendant posits as evidence that a downward departure may be warranted must be considered by the district court utilizing the analysis described above and making a 'refined assessment of the many facts bearing on the outcome, informed by its vantage point and day-to-day experience in criminal sentencing.'" <u>Id</u>., at 359.

The jury has spoken in this case and now the Defendant must accept the consequences of its verdict. This case is one in which the sentencing guidelines certainly could be said to work an injustice in the range associated with the conviction. A range of 720 months (or 60 years) in prison for the crime of conviction is excessively harsh given the circumstances of this case. While certainly distasteful, the facts of this case cannot be said to be as egregious of many that come before the Court. The guideline calculation as written provides for punishment for the most egregious cases. The Court would have to gloss over all of the positive attributes of the Defendant in order to decide that the maximum penalty is appropriate in this case.

Defendant plans to obtain employment upon his release and return to support his family. All of these anticipated actions to serve as a productive member of society upon release should be considered when deciding his sentence. The Defendant further requests this Court order that the federal sentence run concurrent with any state sentence he may receive.

Respectfully Submitted,

/s/Christopher A. Spedding
Christopher A. Spedding
271 W Short St., Suite 402
Lexington, KY 40507
859-255-0050
Fax: 859-554-2528
Email: chris@speddinglawoffice.com

**<u>Certificate of Service:</u>**

This is to certify on August 25, 2020, I electronically filed the foregoing motion with the clerk of the Court by using the CM/ECF system, which will send notice to counsel of record as appropriate.

/s/Christopher A. Spedding
Christopher A. Spedding