```
                       UNITED STATES DISTRICT COURT
                       EASTERN DISTRICT OF KENTUCKY
                       CENTRAL DIVISION AT LEXINGTON

                                 - - -
    UNITED STATES OF AMERICA,        .    Case No. 5:19-CR-00178
                                     .
              Plaintiff,              .
                                     .    Lexington, Kentucky
          - v -                       .
                                     .    Monday, June 1, 2020
    WILLIAM MICHAEL FIELDS JUNIOR,   .    8:31 a.m.
                                     .
              Defendant.              .
                                 - - -

          TRANSCRIPT OF PRETRIAL CONFERENCE PROCEEDINGS
               BEFORE THE HONORABLE DANNY C. REEVES
                 UNITED STATES DISTRICT COURT JUDGE

                                 - - -



    For the United States:      ERIN ROTH, ESQ.
                                MARY LAUREN MELTON, ESQ.
                                Assistant U.S. Attorneys
                                United States Attorney's Office
                                260 West Vine Street, Suite 300
                                Lexington, Kentucky  40507

    For the Defendant:          CHRISTOPHER A. SPEDDING, ESQ.
                                Spedding Law Office
                                271 West Short Street, Suite 402
                                Lexington, Kentucky  40507

    Court Reporter:             LINDA S. MULLEN, RDR, CRR
                                Official Court Reporter
                                101 Barr Street
                                Lexington, Kentucky  40507


    Proceedings recorded by mechanical stenography, transcript
    produced by computer.
```

1         (Proceedings in open court, June 1, 2020, 8:31 a.m.)
2         THE COURT:  Thank you.
3         Madam Clerk, would you call the matter scheduled for trial
4    today?
5         THE CLERK:  Yes, Your Honor.  Lexington Criminal Action
6    Number 19-178, United States of America versus William Michael
7    Fields Junior, called for jury trial.
8         THE COURT:  Thank you.
9         Would counsel state their appearances?
10        Ms. Roth and Ms. Melton.
11        MS. ROTH:  Good morning, Your Honor.  Erin Roth and Mary
12   Melton on behalf of the United States.
13        THE COURT:  Thank you.
14        Mr. Spedding.
15        MR. SPEDDING:  Good morning, Your Honor.  Christopher
16   Spedding on behalf of William Michael Fields, he is seated to
17   my right.
18        THE COURT:  Thank you.  Let me cover just a few matters
19   with counsel and then if you have any questions, I'll attempt
20   to answer those before we bring the first panel for jury
21   selection in at 9 this morning.
22        The United States has submitted an ex parte witness list,
23   and you've asked me to identify potential witnesses during voir
24   dire, I'll certainly do that.  And refer to one witness by
25   initials, I think it's A.V.; is that correct?

1          MS. ROTH:  E.Y., Your Honor.
2          THE COURT:  E.Y.  Almost.
3          Mr. Spedding, do you have any witnesses you would like for
4     me to identify?
5          MR. SPEDDING:  Your Honor, the only witness that may
6     testify for the defense is Mr. Fields, and we still haven't
7     made that decision.
8          THE COURT:  It's not necessary to identify the defendant,
9     obviously, as a potential witness, so I won't list any
10    additional witnesses.
11         How much time would the parties like for their opening
12    statements, Ms. Roth?
13         MS. ROTH:  I think approximately 25 minutes, Your Honor.
14         THE COURT:  25.
15         MR. SPEDDING:  Probably about the same, Judge.
16         THE COURT:  All right.  We'll give you 30.  If you go over
17    a little bit, that's not too much of a problem in openings,
18    obviously.  I'm a little pickier when we come to closing, but
19    openings, that will be fine.
20         And, Mr. Spedding, prior to the time of your opening
21    statement, if you want to reserve it, you can do that, just let
22    me know, if you would.
23         MR. SPEDDING:  Yes, sir.
24         THE COURT:  Before we came in this morning, there was a
25    statement of the case and preliminary jury instructions that

1     were placed on counsel table.  Has everyone had a chance to
2     look through those materials?
3             MS. ROTH:  Yes, Your Honor.
4             MR. SPEDDING:  I have, Your Honor.
5             THE COURT:  All right.  Any objection to any of that
6     generally boilerplate information?  Any objection to any of it?
7             MS. ROTH:  No, Your Honor.
8             MR. SPEDDING:  No, Your Honor.
9             THE COURT:  All right.
10            Let me take just a moment then, and I'll go through the
11    procedures that we'll use this morning.  As we discussed on
12    Friday, there will be two panels that will be called in this
13    morning.  My understanding is we have, is it 29 in one group
14    and 30 or 31 in another group?
15            THE CLERK:  31, I believe, Your Honor.
16            THE COURT:  In which one?
17            THE CLERK:  The second one.
18            THE COURT:  29 and 31 as opposed to 30 and 30, you can
19    check with the clerk to make sure we've got those number ranges
20    accurate.
21            THE CLERK:  We're down -- at 9:00, there was one that just
22    called in sick.
23            THE COURT:  So 29 and 30.  So we'll hopefully have 59
24    here.
25            The last group or the second group, they are not -- it's

1   not time for them to be here yet, so we may have somebody that
2   calls in similar to this other juror.  But the clerk, as soon
3   as we take our break, she'll be able to tell you those exact
4   number ranges and who we may have lost this morning.
5        For the first group, as you'll notice, we've got 12 seats
6   in the jury box and we have 18 spaces in the gallery to seat
7   prospective jurors, and then we have a couple of chairs that
8   are on the sides here.  We go to the end first.
9        After we select the jury, we have 12 seats in the jury
10  box, and there's a seat over here to my right of the jury box
11  that we'll use for our alternate.
12       In previous trials, we've been placing people back in the
13  gallery, in the first and second row of the courtroom.  But
14  based upon the nature of the evidence that I expect will be
15  presented in the case, I don't really want to put all that on a
16  big monitor to show to the public, if we have members of the
17  public that are present.  So we'll seat one alternate over here
18  to my right.
19       When we begin with the selection, as we bring in our first
20  panel, I'll give them some basic information about precautions
21  that are being taken in light of the COVID virus and the manner
22  in which we'll be selecting the jury.
23       And I think as I told you on Friday, we're using the jury
24  assembly room downstairs, a large room downstairs.  And we're
25  using Courtroom D downstairs to put the two panels until the

1    jury is finally selected.  So we'll bring the one panel up, and
2    I've asked that they be seated in the courtroom at 9:00 so we
3    can start on time.  So if we have a straggler that comes in a
4    little bit late, that person will be added to the second panel.
5     So we'll start promptly at 9:00 with the jurors we have
6    present at that time.
7         I'll go through my questions for the prospective jurors,
8    then the parties may spend up to 15 minutes with follow-up voir
9    dire.
10        You have been given those questionnaires on Friday that
11   have some basic information that I typically would cover during
12   my portion of the voir dire.  I'm not going to go into that.  I
13   will ask the jury to confirm the information is accurate that's
14   contained in the questionnaires.
15        But after I finish and after the parties have finished
16   with their questions for the panel, I'll ask you to come up to
17   exercise your challenges for cause.
18        I will ask you that when you are either approaching the
19   bench or whether you're approaching a witness, the rule is if
20   you get close, put on a mask.  And if you forget, I may remind
21   you from time to time.  I'll tell the jury that's what we're
22   doing, and that they will have on masks as well.  But I'll go
23   through all of the precautions we're taking about that.
24        As can you see from the responses to the questionnaires,
25   we do have some jurors that are in the panel that do have some

1   concerns and we'll certainly take those up if they wish to
2   address those.
3       So after we finish the questions for the first group and
4   we've gone through any challenges for cause, I'll excuse any of
5   those that there's a basis to excuse for cause.  And then I'll
6   send the remaining members of that panel back downstairs to the
7   room where they are now.
8       We'll bring the second panel up, we'll go through the same
9   process.  After we've excused prospective jurors for cause from
10  the second group, we'll send that panel back downstairs.
11      At that point I'll ask the clerk to identify 31
12  prospective jurors by number.  The jurors are not going to be
13  present in the courtroom, but we'll list them by number.  The
14  first 28 will be the jurors that will be used for the main
15  jury.  The last three of that list of 31 will be our three
16  jurors for our alternate.
17      So after we've identified those prospective jurors, those
18  31 jurors, at that point we will take a recess to allow you to
19  exercise your peremptory challenges.  From those first 28, the
20  defendant has ten challenges, the United States has six by
21  rule.
22      The first 12 jurors called but not stricken by
23  preremptories will be the jury that would be seated in the
24  case.  The first alternate called but not stricken -- each side
25  gets one strike against the panel of alternates.  The first

1   alternate called but not stricken will be the alternate to be
2   seated.
3       At that point after you've turned in your challenges, I'll
4   come back out into the courtroom to make sure that we don't
5   have any issues to take up based on the challenges that have
6   been exercised.  Assuming you don't have any issues to take up,
7   we will take another brief recess and we'll bring up the 12
8   jurors to be seated to try the case and the one alternate.
9       At that point the clerk can tell the remaining jurors that
10  they would be excused from further participation in the case.
11  That's how we will seat our jury.
12      Last week, I think it took us until about 12:30 to select
13  the jury after we had gone through this with both panels.
14  Every case is different, obviously, and maybe it will take a
15  little longer for this panel, maybe not as long based upon the
16  fact that we do have some of the information provided through
17  the questionnaires.
18      Now, you're certainly free to follow up on any of the
19  information that's contained in the questionnaires or any other
20  information, but of course your time is somewhat limited in
21  voir dire so please keep that in mind.
22      Now, I can go through this again if you wish, but do we
23  have any questions about the selection process at this point?
24      MS. ROTH:  Your Honor, I don't have any questions about
25  the process, I did have one question about one of the

Case: 5:19-cr-00178-DCR-MAS   Doc #: 111   Filed: 07/20/21   Page: 9 of 13 - Page ID#: 865

9

1   questionnaires.  Juror 256.
2       THE COURT:  Let me get that.  Hang on.
3       MS. ROTH:  It says that he pled out to burglary second and
4   got five years' probation.
5       THE COURT:  That may be a felony that would disqualify him
6   from serving.  And I don't --
7       MS. ROTH:  I just raise the question, Your Honor, if he
8   was eligible, he or she was eligible.
9       THE COURT:  Yes.  I saw that and I have not looked at
10  anything other than the questionnaire for that juror, but we
11  may have to inquire further with that particular juror.  It may
12  be -- if the parties want to bring anyone up to the bench, we
13  can do that.  Certainly, again, everyone has to have on their
14  mask.
15      I don't want to embarrass anyone, any prospective juror,
16  but that may be a disqualifying conviction.  But sometimes when
17  you plead something out, it may be that he entered a plea to a
18  misdemeanor and received probation.  I don't know.  We can
19  certainly inquire into that.
20      Oh, he called in sick.
21      THE CLERK:  Yes.
22      THE COURT:  That's the juror that called in sick.  We had
23  two.  Number 217 and Number 256, I think, were the two that
24  called in sick, so that will alleviate that concern for at
25  least one trial.  We'll follow up on that and see exactly what

 1   that conviction was all about, it may be that we can excuse
 2   that juror before he comes in again.
 3           Ms. Roth, did you have any other questions about the
 4   procedures or any of the jurors?
 5           MS. ROTH:  I don't, Your Honor.  Thank you.
 6           THE COURT:  Will you be handling the voir dire this
 7   morning, Ms. Roth?
 8           MS. ROTH:  Yes, Your Honor.
 9           THE COURT:  All right.  Thank you.
10           Mr. Spedding, I know this is a new procedure, if at any
11   point -- if I have confused anyone or if you need more
12   information about the procedure, don't hesitate to ask me.
13           MR. SPEDDING:  Yes, sir.  We don't have any questions.
14           THE COURT:  All right.  Then we will go ahead and -- make
15   sure I've got everything here.
16           MR. SPEDDING:  Your Honor, I don't know if you're going to
17   call the jury in or the panel in, but I do have a couple of
18   things I would like to address, if I could.
19           THE COURT:  Yes, sir.
20           MR. SPEDDING:  Do you want to do it now?
21           THE COURT:  Yes.  Yes, please.
22           MR. SPEDDING:  The first thing I would like to point out
23   to the Court is that when we were here on Friday, I made it a
24   point to advise the Court that we would announce not ready on
25   Monday morning.  And I continue to advance that position at

1   this time.
2         And one of the things that I wanted to point out to the
3   Court as being incorrect, or at least create a record on, is
4   the order that was issued after our hearing on Friday, where it
5   says defense counsel advised he and defendant would be ready
6   for trial on Monday, June 1st.  I advised that I would be here
7   representing the defendant --
8         THE COURT:  All right.
9         MR. SPEDDING:  -- on Monday.  We had yet another
10  logistical issue over the weekend that prevented us from
11  communicating on Saturday.  I did everything I could to resolve
12  that on Saturday, I was unable to, so we weren't able to confer
13  on Saturday.  We did confer yesterday.
14        And I just wanted to make sure that that whole
15  communication issue is abundantly clear --
16        THE COURT:  All right.
17        MR. SPEDDING:  -- in the record.
18        THE COURT:  I will note that during the hearing on Friday,
19  you did clearly indicate that you would announce that you were
20  not ready to proceed.  You then had the issue of
21  representation, and we had taken a break for you to have
22  further conversations with Mr. Fields so he could determine
23  whether you would be representing him or he would be
24  representing himself, or whether you would be acting in a
25  standby capacity.

1    And when we came back out, you did respond to that
2 question that you would be representing him.
3    MR. SPEDDING:  Correct.
4    THE COURT:  And the minute sheet should be amended to
5 reflect that fact and not the fact that you would be announcing
6 ready for trial --
7    MR. SPEDDING:  Okay.
8    THE COURT:  -- on Monday.  So we'll make sure that that is
9 corrected in the minutes.
10    Sometimes those minutes are just an abbreviated summary of
11 the proceedings and the transcript would reflect that
12 conversation.
13    MR. SPEDDING:  Yes, sir.
14    THE COURT:  With regard to preparation, I will again note
15 for the record, in light of the defendant's objection, that the
16 Court has continued this matter on several occasions to allow
17 the parties adequate time for preparation for trial in the
18 case.  And that recently, when a conflict developed or an
19 alleged conflict developed between the defendant and his
20 counsel, the defendant refused to meet with counsel to prepare
21 for trial.
22    And the Court is of the opinion, based upon the
23 defendant's actions, he has intentionally not prepared for
24 trial in an effort to have the matter continued beyond the
25 trial date.  And again, the trial has been continued on a

1   couple of occasions.

2       And when a party intentionally undertakes to not prepare

3   and to avoid a trial, then that would not be good cause for

4   further continuance of the matter.

5       That would be the Court's ruling with regard to that

6   issue.

7       All right.

8       MR. SPEDDING:  Thank you, Judge.

9       THE COURT:  Any other issues to take up?

10      MS. ROTH:  No.

11      THE COURT:  No?  All right.  We will be in recess until 9.

12  Again, at 9:00, we'll start with the jury present.

13              (Proceedings concluded at 8:47 a.m.)

14

15          I, Linda S. Mullen, RDR, CRR, do hereby certify that

16  the foregoing is a correct transcript from the record of

17  proceedings in this above-entitled matter.

18

    /s/Linda S. Mullen            July 21, 2021
19  Linda S. Mullen, RDR, CRR     Date of Certification
    Official Court Reporter
20

21

22

23

24

25