UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. |
| | ) | 5:19-cr-00178-DCR-MAS |
| v. | ) | and |
| | ) | Civil Action No. |
| MICHAEL WILLIAM FIELDS, JR., | ) | 5:23-cv-00297-DCR-MAS |
| | ) | |
| Defendant/Movant. | ) | |
| | ) | |

**REPORT & RECOMMENDATION**

This matter is before the undersigned on Petitioner Michael Fields, Jr.'s ("Fields") Motion to Vacate, Set Aside or Correct a Sentence pursuant to 28 U.S.C. § 2255. Fields asserts three grounds challenging the sufficiency of the evidence and alleging that his trial counsel was ineffective. [DE 129, 133]. The United States responded in opposition. [DE 138]. After thoroughly reviewing the record in its entirety, the Court recommends Fields's motion be denied for the reasons stated below.

**I.    RELEVANT BACKGROUND**

On October 17, 2019, the grand jury sitting in the Eastern District of Kentucky indicted Fields on two counts, both alleging production of child sexual abuse materials in violation of 18 U.S.C. § 2251(a). [DE 1].

The matter was tried over two days in early June 2020. [DE 57, 58]. The facts surrounding the charges were best retold in the Presentencing Investigation Report.

1

[DE 85]. At the time of the offense, Fields was a constable in Harrison County, Kentucky, and a volunteer firefighter in Bourbon County, Kentucky. [DE 85, Page ID# 406]. As part of a civics outreach program, certain minors or "explorers" would meet with and shadow various members of law enforcement to learn about their work. [DE 85, Page ID# 406]. Based upon awkward interactions between some of the explorers and Fields, the Cynthiana Police Department began an investigation. [DE 85, Page ID# 406]. During an interview, one of the explorers admitted having sexual intercourse with Fields on multiple occasions. [DE 85, Page ID# 406]. A forensic examination of her cell phone revealed multiple images and videos of these acts, including in the back of an ambulance. [DE 85, Page ID# 406-07]. An examination of Fields's phone revealed images that matched the sexually explicit images found on the victim's phone. [DE 85, Page ID# 407].

At the conclusion of the trial, the jury found Fields guilty on both counts. [DE 62]. Fields was sentenced to 420 months imprisonment. [DE 80].

Fields appealed the matter to the Sixth Circuit challenging several issues. First, he challenged "the district court's denial of a last-minute motion by defense counsel to withdraw and a related motion to continue the trial." [DE 115, Page ID# 952–56]. Fields also raised two substantive issues on appeal, both challenging the sufficiency of the evidence supporting his convictions. [DE 115, Page ID# 956-59]. And finally, Fields raised certain challenges to his sentence. [DE 115, Page ID# 959–62]. The Sixth Circuit rejected all the issues raised by Fields.

2

Fields next sought certiorari with the Supreme Court, but the writ was denied on October 13, 2022. Fields then timely filed this habeas petition on October 24, 2024, [DE 129] with an amended petition filed fifteen days later [DE 133].

## II.    ANALYSIS

In his petition, Fields asserts three grounds for relief. [DE 129]. Fields later supplemented his petition in which he maintained the three grounds for relief, but Fields cabins them as ineffective of assistance counsel claims. [DE 133].

First, Fields challenges the sufficiency of the evidence supporting his conviction, specifically contesting the victim's testimony at trial. In his supplemental petition, Fields couches this ground as a claim of ineffective assistance of counsel arguing his trial counsel, Chris Spedding ("Spedding"), should have investigated the victim to better prepare for these inconsistent statements.

Second, Fields again challenges the sufficiency of the evidence contending he lacked criminal intent. Again, in his supplemental petition, Fields recasts this argument as a claim for ineffective assistance of counsel suggesting Spedding should have called certain witnesses at trial.

Third, Fields argues that Spedding was ineffective for not communicating with him enough throughout his representation of Fields.

### A.    LEGAL STANDARD FOR INEFFECTIVE ASSISTANCE OF COUNSEL

Under § 2255, a federal prisoner may obtain relief if his sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such sentence, or the sentence exceeds the maximum authorized by law. 28 U.S.C. § 2255(a); *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003) ("In order to

3

prevail upon a § 2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)). A constitutional basis for § 2255 relief requires "an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)). Any non-constitutional error must constitute a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990). A § 2255 movant typically must prove any factual assertions by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (per curiam).

One class of alleged constitutional error is ineffective assistance of counsel in violation of the Sixth Amendment. The standard outlined in *Strickland v. Washington*, 466 U.S. 668 (1984), governs ineffective assistance of counsel claims. To prevail, a movant must prove (1) that defense counsel's performance was deficient, and (2) that the demonstrated deficiency prejudiced the movant. *Id*. at 687. To establish deficient performance, a movant must show that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 687–88. "Judicial scrutiny of counsel's performance must be highly deferential", and the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable

professional assistance." *Id.* at 689. A prejudice showing requires a "reasonable probability that, but for counsel's errors, the judicial outcome would have been different." *Id.* at 694–95. The Court "must consider the totality of the evidence" in assessing prejudice. *Id.* at 695. The movant must satisfy both prongs of the *Strickland* analysis, but courts need "not address both components of the deficient performance and prejudice inquiry 'if the defendant makes an insufficient showing on one.'" *Id.* at 730; *Strickland*, 466 U.S. at 697.

**B.   GROUNDS 1: VICTIM'S ALLEGEDLY INCONSISTENT STATEMENTS**

For his first ground, Fields attacks the testimony of the minor victim in the case, identified by her initials as E.Y. [DE 133, Page ID# 1100-1103]. Fields points out perceived inconsistencies in her testimony, highlights his disagreement with her timeline of his contact with her, and generally contends she is not credible. Per Fields, if the United States did not have her as the star witness, it case would collapse for lack of sufficient evidence. [DE 129, Page ID# 1028-30]. At the conclusion of Ground 1, in two sentences, Fields mentions that Spedding was ineffective for convincing the jury of her lack of credibility. "Had Mr. Spedding been prepared in his investigation and defense, these facts could have proven false. Mr. Spedding failed his client and allowed the jury to use details and facts that were false to lead them to a find of guilt."

The United States provides detailed citations to the trial testimony contesting Fields's characterization of E.Y.'s testimony. [DE 138, Page ID# 1164–67].

5

The Court does not need to delve into the consistencies or inconsistencies of E.Y.'s testimony. Rather, Fields's argument has two flaws that are fatal before the Court even considers such an analysis.

First, to the extent Fields seeks to challenge the sufficiency of the evidence, the Court notes that such challenges are not permitted on habeas grounds. *See United States v. Luke*, No. 615CR00010, 2018 WL 6567073, at *2 (E.D. Ky. Mar. 21, 2018), report and recommendation adopted, No. 615CR0010, 2018 WL 5818350 (E.D. Ky. Nov. 7, 2018) (collecting substantial authority for the proposition that such claims may be raised only on direct review). "Section 2255 cannot be used to attack the sufficiency of the evidence by which a defendant is convicted, as that is an issue that can be raised only by direct appeal." *Mitchell v. United States*, Nos. 2:05-CV-274, 2:04-CR-02, 2007 WL 325762, at *3 (E.D. Tenn. Jan. 31, 2007) (citing *Stephan v. United States*, 496 F.2d 527, 528-29 (6th Cir. 1974)); *see also United States v. Shields*, 291 F.2d 798, 799 (6th Cir. 1961) ("A Section 2255 proceeding cannot be used as a substitute for an appeal."). Accordingly, "[t]he sufficiency of the evidence to prove the alleged offenses will not be reviewed in [a 28 U.S.C. § 2255] proceeding." *Shields*, 291 F.2d at 799 (citing *Dunn v. United States*, 250 F.2d 548 (6th Cir. 1957)). Fields argued the sufficiency of the evidence during his direct appeal before the Sixth Circuit, an argument that was rejected. [DE 115]. Fields does not get a second chance through this collateral attack.

Second, even if the Court were to consider Fields's ground as a true ineffective of assistance of counsel claims and agree with his characterization of E.Y.'s

testimony, Ground 1 still fails. A finding of deficiency requires the petitioner "prove that counsel's representation was not merely below average, but rather that it 'fell below an objective standard of reasonableness." *United States v. Dado*, 759 F.3d 550, 563 (6th Cir. 2014) (quoting *Strickland*, 466 U.S. at 688). Courts "employ a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. (quoting *Strickland*, 466 U.S. at 689); *see also O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Knowles v. Mirzayance*, 556 U.S. 111, 124 (2009). Moreover, a "defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome." *United States v. Hassan*, Nos. 12-cr-20523, 2014 WL 5361942, at *5 (E.D. Mich. Oct. 21, 2014) (quoting United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989)).

At Fields's trial, Spedding cross examined her on all the allegedly inconsistent statements and more. [DE 97, Page ID# 517-24]. Spedding asked E.Y. about her interviews with police pointing out possible inconsistencies [DE 97, Page ID# 518], about her drinking [DE 97, Page ID# 519], about her statements over who sent the sexually explicit images on her phone [DE 97, Page ID# 519], and about Fields and E.Y.'s interactions on Snapchat [DE 97, Page ID# 520–21]. Fields never identifies what questions he wanted Spedding to ask or what "investigation" would have led to facts that Spedding did not address at the trial. Fields may not like that this

cross-examination did not convince the jury, but the record reflects that Spedding, in fact, addressed the very issues of which Fields now complains. Just because the arguments were unsuccessful does not mean Spedding's performance was ineffective. *See Hodge v. Haeberlin*, 579 F.3d 627, 644 (6th Cir. 2009) ("Counsel does not fall below [*Strickland*] standard by failing to prevail when arguing a debatable point to the court").

Fields's habeas petition makes it clear that he believes E.Y. lied to the jury. The problem for him is the jury did not agree. Moreover, Spedding made every effort to persuade the jury of Fields's belief, and the jury still did not agree. Fields is prohibited from using his habeas petition to re-litigate this belief. Nor does Fields have a basis to argue ineffective assistance of counsel when his counsel highlighted all the inconsistencies he now cites. Consequently, the Court should dismiss these grounds.

C.  **GROUND 2: LACK OF INTENT**

For his second ground, Fields points out the United States could not prove criminal intent when he made the videos of E.Y. [DE 133, Page ID# 1103–06]. In summary, because Fields and E.Y. were in an open, loving relationship, "Spedding could have proven that the intent was not to create child pornography." [DE 133, Page ID# 1103]. Although referencing Spedding, the following pages are about the contrasting evidence that would have established that the Fields's relationship was one of affection despite her minor legal status. [DE 133, Page ID# 1103–05]. Like Ground 1, Ground 2 has two fatal, legal flaws.

First, Fields is again challenging the sufficiency of the evidence masked as an ineffective assistance of counsel claim. He spends nearly the entirety of the habeas petition not focused on the actions or inactions of Spedding, but on what the United States did or did not prove at trial. For the reasons stated above, such an effort is barred.

To the extent Fields is making an ineffective of assistance counsel against Spedding for failing to call certain witnesses that would have established his relationship with E.Y., Fields's argument falls well short. "[W]hether to call a witness and how to conduct a witness'[s] testimony are classic questions of trial strategy that merit *Strickland* deference." *Rayborn v. United States*, 489 Fed. App'x 871, 878 (6th Cir. 2012). "When a defendant claims that his attorney failed to call a witness at trial, he must '[a]t the very least . . . submit sworn affidavits from each of the individuals he has identified as uncalled witnesses stating whether they were in fact available to appear at trial and able to give testimony favorable to [the] defense.'" *United States v. Tilghman*, No. 07-cr-138-KSF, 2013 WL 4735578, at *10 (E.D. Ky. Sept. 3, 2013) (quoting *Talley v. United States*, No. 1:00-cv-74, 2006 WL 3422997, at *10 (E.D. Tenn. Nov. 27, 2006)). "A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim." *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991) ("Under whatever framework, however, evidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or on affidavit."). Fields submits no such affidavits of these proposed witnesses that would

9

have testified as to the allegedly loving and consensual relationship between he and E.Y. And even if Fields had produced such affidavits, calling those witnesses would have been legal folly. Whether or not Fields's and E.Y.'s relationship was loving and open, as Fields suggests, only harms his case. The measure of intent is whether Fields intended to take sexually explicit images of a minor. *United States v. Wright*, No. 1:12-CR-130, 2013 WL 164096, at *8 (W.D. Mich. Jan. 15, 2013). These witnesses would have only further established that Fields intended to capture sexually explicit images of a minor even if his motivations were somehow, in Fields's opinion, loving and consensual. These witnesses would help the United States, not Fields. In truth, Fields's argument for Ground 2 appears as another attempt to litigate his argument that because he did not know E.Y. was a minor, he cannot be found guilty. This Court and the Sixth Circuit both soundly rejected such arguments. [DE 34; DE 115, Page ID# 959].

In Ground 2, Fields complains that the jury did not have an opportunity to hear about the public and caring relationship between he and the minor victim. Yet, Fields cannot relitigate his case, cannot propose theoretical testimony without affidavits, and cannot raise a defense consistently rejected by both this Court and the Sixth Circuit. For these reasons, the Court should dismiss this ground.

**D.     GROUND 3: SPEDDING'S LACK OF COMMUNICATION**

In this third and final ground, Fields argues Spedding was ineffective due to his inadequate communications with Fields. Specifically, per Fields, Spedding pursued the mistake of age defense even though it was a losing argument. [DE 133, Page ID# 1106]. Fields complains that Spedding never "presented a viable well

thought [out] defense" other than the mistake of age defense. [DE 133, Page ID# 1107]. Fields points to the statement at the final pretrial conference where Spedding said he was "not ready" for the trial. [DE 129, Page ID# 1039].

Fields's narrative is somewhat misleading. Specifically, Fields's complaints about Spedding are not so much about his communication or lack of communication but simply that he did not craft a better defense. However, Fields never identifies a better defense. Rather, when the mistake of age defense was excluded by the Court, Spedding pivoted to a defense arguing that Fields was not the one who took the sexually explicit images of the minor. [DE 138, Page ID# 1173]. Again, an attorney who makes an unsuccessful argument is not ineffective merely because they lost. *See Hodge*, 579 F.3d at 644 ("Counsel does not fall below [*Strickland*] standard by failing to prevail when arguing a debatable point to the court").

And the reason Spedding said he was "not ready" for trial is because there was great confusion at the final pretrial conference whether Fields would be represented by Spedding or another attorney, Jay Oakley, whom Fields claimed to have retained. In fact, Fields's supposed dissatisfaction with Spedding and possible replacement by another attorney was addressed in detail by the Court and by the Sixth Circuit. [DE 115, Page ID# 952–53 (Sixth Circuit Opinion)]. In the end, the Sixth Circuit affirmed the decision of this Court to keep Spedding on the case and proceed to trial. The record demonstrates that Fields and Spedding met several times, including on the eve of trial. [DE 115, Page ID# 953]. Even Fields argues that, while Spedding

had scheduled several meetings with Fields, Fields refused as he wanted to replace Spedding.

Even if the Court took Fields's allegations as true—that he and Spedding did not communicate as much as Fields would have preferred and that Spedding did not create a winning defense—courts have denied habeas requests on far less grounds. *See United States v. Graves*, No. CIV 06-0178-WS-B. 2007 WL 3232178, at *n.6 (S.D. Ala. Oct. 30, 2007) (collecting cases). Fields cannot show Spedding's limited contact with him resulted in actual prejudice that had an impact on the trial. *See Dick v. Scroggy*, 882 F.2d 192, 197 (6th Cir. 1989) ("[The Court] cannot say that the defense attorney's delay in interviewing her client, or the brief span of time devoted to the interview, justify our setting the conviction aside in a collateral proceeding . . . absent a showing that the result of the trial was not 'reliable.'"). Fields, despite his disappointment with Spedding, has not asserted a claim that rises to meet the requirements of *Strickland*. Accordingly, the Court should dismiss Ground 3.

### III.  CERTIFICATE OF APPEALABILITY

A certificate of appealability ("COA") shall issue only if a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473,484 (2000) (addressing issuance of a certificate of appealability in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to motions to vacate brought pursuant to 28 U.S.C. § 2255). In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner

12

must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*

Fields has asserted three grounds for relief. In his first ground, Fields argues the victim in this case is not credible. This argument fails both because Fields is prohibited from challenging the sufficiency of the evidence supporting his conviction as part of a collateral attack and because the record reflects his counsel did, in fact, challenge the victim's credibility at trial. In his second ground, Fields suggests the United States cannot establish his intent because his relationship with the minor victim was allegedly open and loving. Like with the first ground, Fields is again improperly challenging the sufficiency of the evidence. And to the extent he seeks to challenge the effectiveness of his counsel, Fields fails to provide any affidavits or support that these other witnesses might testify in conformity with his allegations. Finally, in the third and final ground, Fields contends that his trial counsel was ineffective because he did not communicate with Fields enough and did not find a better defense. Even if the Court were to take Fields's version of events as true, he has not made any effort to establish the necessary prejudice.

Accordingly, it is **RECOMMENDED** that a certificate of appealability be **DENIED** upon the District Court's entry of its final order in this matter.

### IV. <u>CONCLUSION</u>

For the reasons stated herein, the Court **RECOMMENDS**:

1) The District Court **DENY**, with prejudice, Fields's Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 [DE 129] as well as his Supplemental Motion to Vacate, Set Aside, or Correct [DE 133]; and

13

2) The District Court **DENY** a certificate of appealability as to all issues, should movant request a COA.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and usually does, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 106 S. Ct. 466 (1985).

Entered this the 19th day of April, 2024.



MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY