UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 5: 19-178-DCR |
| ) | and |
| V. ) | Civil Action No. 5: 23-297-DCR |
| ) | |
| WILLIAM MICHAEL FIELDS, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant/Movant William Fields has filed a motion pursuant to Rules 60(b)(1) and 60(b)(4) of the Federal Rules of Civil Procedure to reopen his earlier collateral proceedings challenging his conviction and sentence. [Record No. 159] However, through the motion, Fields seeks to relitigate claims already decided by the Court in the collateral proceeding. Those claims, therefore, constitute a second or successive § 2255 petition. As a result, the case will be transferred to the United States Court of Appeals for the Sixth Circuit and any relief sought from this Court will be denied.

I.

Following a two-day jury trial, Fields was convicted of two counts of producing child pornography in violation of 18 U.S.C. § 2251(a). [Record No. 62] He subsequently received a below-guidelines sentence of 420 months' imprisonment. [Record No. 80] Fields' conviction and sentence were affirmed by the Sixth Circuit. *United States v. Fields*, 2022 WL 633847 (6th Cir. Mar. 4, 2022). Fields then filed a motion to vacate, set aside, or correct his

sentence pursuant to 28 U.S.C. § 2255 and later filed a supplement to that motion. [Record Nos. 129 and 133]

United States Magistrate Judge Matthew Stinnett issued a Report & Recommendation ("R&R"), recommending that Field's motion should be denied. [Record No. 141] The Court ultimately denied Field's motion. [Record No. 149] Thereafter, Fields filed a motion for reconsideration which also was denied. [Record Nos. 151–52] Fields sought to appeal that decision, but the Sixth Circuit declined to issue a Certificate of Appealability. [Record Nos. 153 and 158] Fields then filed the instant motion to vacate pursuant to Rule 60(b). [Record No. 159] The current motion has been fully briefed. [Record Nos. 162–63]

## II.

"A motion brought under Rule 60(b) is a second or successive habeas petition if it contains one or more 'claims.'" *In re Booker*, 797 F. App'x 959, 962 (6th Cir. 2020) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 530-31 (2005)). "[A] motion advances a 'claim' when it 'seeks to add a new ground for relief' or 'if it attacks the federal court's previous resolution of a claim *on the merits*.'" *Id.* (quoting *Gonzalez*, 545 U.S. at 532 (emphasis in the original)); *see also In re Nailor*, 487 F.3d 1018, 1022 (6th Cir. 2007). The latter is true because "alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Gonzalez*, 545 U.S. at 532.

Therefore, a Rule 60(b) motion may not attack the substance of the Court's resolution of a claim on the merits but, instead, must allege some defect in the integrity of the collateral proceedings. *Id.* Rule 60(b) allows a party to seek relief from judgment within a reasonable time for the following reasons: (1) mistake; (2) newly discovered evidence; (3) fraud; (4) void

judgment; (5) satisfied, discharged, or released judgment; or (6) any other reason that justifies relief.  Fed R. Civ. P. 60(b).  The United States Supreme Court has held that the statutory definition of "mistake" includes "a judge's errors of law." *Kemp v. United States*, 596 U.S. 528, 530 (2022).  Rule 60(b)(4) provides that a court may provide relief from a judgment if "the judgment is void."  A void judgment is "one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) (citation omitted).

### III.

The United States argues that Field's motion should be denied because: (1) he impermissibly attempts to relitigate issues already decided by the Court; (2) it arguably is untimely;[1] and (3) an evidentiary hearing was unwarranted.  [Record No. 162] But Field contends the Court made a mistake of law when it denied his ineffective assistance of counsel claim concerning counsel's purported failure to challenge that the government did not prove the intent element in 18 U.S.C. § 2251(a).  [Record No. 159 at 8] More specifically, he asserts the government failed to show that he "engaged with sex with a minor 'for the purpose' of making a video of that conduct." *Id.*  But this is simply an ill-disguised attempt to relitigate ineffective assistance of counsel claims raised in his first § 2255 motion. *In re Nailor*, 487 F.3d 1018, 1023 (6th Cir. 2007).

According to Fields, the Magistrate Judge and the undersigned overlooked his argument that his attorney's "specific Rule 29 motion premised on 'who was actually taking the video' theory was objectively unreasonable."  [Record No. 159 at 17 (citing Record No.

---

[1] Field's motion is timely as it was provided to prison officials for the mail within one year of the Judgment it challenges.

- 3 -

129 at 18–19)] He asserts that this failure amounted to a defect in the integrity of the habeas proceeding. [Record No. 159 at 16]

Again, Field's attempt to repackage his argument attacking the merits of the Court's decision as a defect in the proceeding fails. Both the R&R and the Court's memorandum opinion and order addressed his ground three arguments. [Record Nos. 141 at 13 and 149 at 7] Concerning the Rule 29 motion, the undersigned specifically referenced "Fields more general criticisms" of his attorney and noted that they also fail because a defendant is not entitled to perfect counsel, only constitutionally effective representation. [Record No. 149 at 7] Indeed, *Strickland* requires a defendant to show deficient performance *and* prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy prejudice, Fields needed to show but for counsel's errors the outcome of the proceeding would have been different. *Id.* at 694–95. And the R&R and order adopting it both explicitly and correctly noted that Fields failed to show prejudice on *any* of his ineffective assistance of counsel claims. [Record Nos. 141 at 13 and 149 at 8] The same is true for this claim. Further, he did not even attempt to argue prejudice in his initial § 2255 petition and supplement concerning the specific Rule 29 motion. [*See* Record Nos. 129 at 18–19 and 133 at 11.]

Next, Fields' argument that there was a defect in the habeas proceeding due to the Court not holding an evidentiary hearing on his ineffective assistance of counsel claim fails for similar reasons. He appears to bring this contention under Rule 60(b)(4), arguing that this failure constituted a fundamental infirmity rendering the judgment void. [Record No 163 at 6] Despite the Court's serious misgivings regarding the dicta in *Mitchell v. Rees* (unpublished case), it will entertain Field's argument as properly brought under Rule 60(b). 261 F. App'x 825 (6th Cir. 2008) (suggesting that Rule 60(b) arguments concerning the denial of an

evidentiary hearing in a habeas proceeding fall under a defect in the habeas proceeding), *abrogated on other grounds by Penney v. United States*, 870 F.3d 459 (6th Cir. 2017). As the government argues, construing a petitioner's challenge to a court not holding an evidentiary hearing as anything other than an attack on the merits contradicts the reality that the court already concluded that the petitioner "failed to even allege facts on which relief could be predicated" or that the record conclusively contradicted his or her allegations. [Record No. 162 (quoting *In re Lindsey*, 582 F.3d 1173, 1175–76 (10th Cir. 2009)]

Fields' argument was doomed at the outset because he failed to show prejudice for any of counsel's alleged shortcomings. Stated another way, even if a hearing occurred and everything Fields alleged turned out to be true or deemed credible, he still would not be entitled to relief. Fields argues that "his claim for relief hinges on conflicting sworn statements between himself and counsel as to out-of-court events dispositive of counsel's failure to investigate." [Record No. 163 at 7] One might wonder which statements Fields is referencing. But he leaves the reader questioning and curiously pivots to counsel's duty to investigate a defense on behalf of an accused. *Id.* at 7–8. And the defense he identifies underscores the undersigned's misgivings regarding *Mitchell v. Rees*. Fields claims that had counsel competently investigated a defense, his attorney could have argued that Fields' spontaneous decision to film the sexual encounter did not meet the purposeful intent element. *Id.* at 8. In so doing, he attempts to circumvent § 2255 and ADEPA's strictures by way of a Rule 60(b) motion to relitigate an issue already decided.

Undeterred, Fields pivots back to the conflicting statements and asserts that "because this claim of counsel's failure to investigate is not patently false, turns on conflicting sworn statements, and stands materially unrefuted by the United States, the district court's failure to

hold an evidentiary hearing on this claim constitutes a defect in the integrity of the underlying 2255 proceeding that should be remedied by Rule 60(b)(4) relief." [Record No 163 at 9] Fields cites *Blackledge v. Allison*, 431 U.S. 63, 72 (1977), for the proposition that an evidentiary hearing is warranted when allegations, if proven, would entitle the petitioner to relief. [Record No. 159 at 19] But he concedes that there is no case law in this circuit that supports his purposeful intent element defense that he made a spontaneous decision to film the sexual encounter. [*See* Record No. 163 at 8.]

Again, assuming without finding that there were some relevant conflicting statements to flesh out in an evidentiary hearing, Fields made no showing of prejudice. Here, the record and filings precluded habeas relief on Field's ineffective assistance of counsel claim. *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *United States v. Mejia-Mesa*, 153 F.3d 925, 929 (9th Cir. 1998) (noting that a "district court has discretion to deny an evidentiary hearing on a § 2255 claim where the files and records conclusively show that the movant is not entitled to relief").

## IV.

For the reasons outlined above, it is hereby **ORDERED** as follows:

1. The Clerk of the Court is **DIRECTED** to transfer Defendant/Movant Field's motion to the United States Court of Appeals for the Sixth Circuit in accordance with 28 U.S.C. § 2244 and Rule 9 of the Rules Governing Section 2255 Cases in the United States District Courts.

2. Defendant/Movant Fields motion [Record No. 159] is **DENIED** to the extent that he seeks relief from this Court. This includes his contention that the Court's election to not hold an evidentiary hearing constituted a defect in the habeas proceeding.

Dated: October 14, 2025.

<u>Danny C. Reeves, District Judge</u>
United States District Court
Eastern District of Kentucky